**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
TALLAHASSEE  **DIVISION**

# CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

THIRD AMENDED COMPLAINT

DERRICK WRIGHT,

Inmate # M64251
(Enter full name of Plaintiff)

vs.

CASE NO: 4:13-cv-00415-MW-GRJ
(To be assigned by Clerk)

JESSICA SLOVENSKI, SECRETARY
SPECIALIST,
OLUGBENGA OGUNSANWO, ASSISTANT
SECRETARY, M.D.,

(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)

[Stamp: PROVIDED TO CENTURY C.I. ON FEB 26 2014 FOR MAILING]

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

Filed 03/03/14 USDC FlnTM1146

## I.   PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: DERRICK WRIGHT
Inmate Number: M64251
Prison or Jail: _____
Mailing address: _____

## II.   DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1) Defendant's name: OLUGBENGA OGUNSANWO
    Official position: Asistant Secretary, M.D.
    Employed at: D.O.C.'s Health Department
    Mailing address: 501 South Calhoun Street
    Tallahassee, FL 32399

(2) Defendant's name: JESSICA SLOVENSKI
    Official position: Secretary Specialist
    Employed at: D.O.C.'s Health Department
    Mailing address: 501 South Calhoun Street
    Tallahassee, FL 32399

(3) Defendant's name: _____
    Official position: _____
    Employed at: _____
    Mailing address: _____

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

### IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
   Yes( )         No(✓)

   1. Parties to previous action:
      (a) Plaintiff(s): _____
      (b) Defendant(s): _____
   2. Name of judge: _____   Case #: _____
   3. County and judicial circuit: _____
   4. Approximate filing date: _____
   5. If not still pending, date of dismissal: _____
   6. Reason for dismissal: _____
   7. Facts and claims of case: _____

   **(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
   Yes( )         No(✓)

   1. Parties to previous action:
      a. Plaintiff(s): _____
      b. Defendant(s): _____
   2. District and judicial division: _____
   3. Name of judge: _____   Case #: _____
   4. Approximate filing date: _____
   5. If not still pending, date of dismissal: _____
   6. Reason for dismissal: _____

3

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )   No( ✓ )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No( ✓ )

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case Docket # _____
4. Approximate filing date: _____ Dismissal date: _____
5. Reason for dismissal: _____

4

6. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V.     STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. Upon arrival into the custody of the Department of Corrections (June 22, 2010), Plaintiff informed Medical Staff at South Florida Reception Center of his ongoing Medical Condition, Lipoma in the right cheek. That treatment is needed. A Medical Referral was submitted and thereafter a response was issued concerning Referral.

2. On August 23, 2010, while housed at Okeechobee Correctional Center, Plaintiff had been told that he was denied Referral for operation by approving authorities.

3. On August 23, 2010 a Medical Refferral was resubmitted to be seen by Specialist.

4. On or about November 18, 2010 Plaintiff was escorted to S.F.R.C. to be seen by Specialist. On this date, Specialist, Orlando Llorente, M.D., submitted Medical Referral for a Cat Scan to be performed.

5. On December 14, 2010 Plaintiff was taken to S.F.R.C. to be housed for Medical reasons. i.e., concerning his condition.

6. On January 18, 2011 Plaintiff was taken to Kindal Regional Hospital for the performance of C.T. Scan. On this date, Plaintiff was

5

briefed after the evaluation by specialist and his colleague of his lipoma condition and its likelyhood of getting bigger over the course of time. Further, operation is needed to remove fatty tissue which would enable Plaintiff to appropriately eat and chew his food.

7. On March 28, 2011, Plaintiff met with Specialist whom would perform operation of excision. Plaintiff was told a Medical Referral need to be submitted for excision.

8. On April 12, 2011 was returned back to O.C.I.

9. On April 20, 2011 Plaintiff consulted with Chief Doctor about his return, who then informed Plaintiff that the defendants had denied recommendation for excision back on March 2, 2011.

10. On April 25, 2011 Plaintiff utilized grievance procedure appealing to Central Office inquiring about reason for denial. Plaintiff had only been advised to consult on Care Medical providers at Institution with no further explanation.

11. Per Sick-call request, three (3) weeks prior to November 15, 2011 Plaintiff resubmitted Referral for reconsideration. Plaintiff was then transferred back to S.F.R.C. to be seen by Specialist who resubmitted recommendation for excision.

12. On December 21, 2011 Plaintiff was informed he'd been denied operation by Defendants on December 1, 2011.

13. On January 4, 2012, per sick-call request Plaintiff consulted with Doctor at S.F.R.C. and was told Defendants denied recommendation

6

(ATTACHMENT)

with no further explanation. Per Doctor's opinion, "Maybe because it's Cosmetic."

14. On February 14, 2012 Plaintiff was taken back to O.C.I.

15. On March 30, 2012 Plaintiff was seen by Medical Staff per call-out and informed that Defendant, Jessica Slovenski, Secretary Specialist, inquired to Physician, Orlando Llorente, M.D. (Original date of inquire 3/28/12, See Medical date stamp: "Wright, M64251, R.F.P. Medical, 108"), Concerning an update on Plaintiff's condition, i.e., "U.M. (Utilization Management) is wanting to know if the procedure is Cosmetic or Medically necessary."

16. Physician provided his response solidifying Plaintiff's condition is not Cosmetic and request for removal.

17. On March 30, 2012 Plaintiff had been informed that Physician produced in writing his statement solidifying Plaintiff's condition as Medically necessary. Paperworks were then faxed to Defendants upon defendants' request.

18. Plaintiff now claims that Defendants, "Jessica Slovenski, Secretary Specialist" and "Olugbenga Ogunsanwo, Assistant Secretary" employed by the Health Department for The Department of Corrections, who authorizes surgical procedures acted with "deliberate indifference" in denying or refusing to pay surgical payments diagnosed by Physician as necessary, in His and Her official and personal compacity causing delay in Plaintiff's serious Medical need diagnosed by Physician as requiring Medical treatment

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

(1) Plaintiff's Eighth Amendment rights to Adequate Medical Care or treatment has been violated resulting from the willful, recklous, and calloused indifference by Defendants when failing to authorize surgical procedure. Exhibiting deliberate indifference to Plaintiff's serious Medical need delaying, denying, or refusing to make surgical payments for Excision at the time of recommendation made by Physician requiring removal of Lipoma.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Compensatory damages: $100,000.00 for Plaintiff's injuries resulting from Medical Condition; Punitive damages: $100,000.00 for the willful, recklous, and calloused indifference violating Plaintiff's Constitutional rights to Adequate Medical Care and denying requested recommendation for excision; and Nominal damages: $1.00 for violating Plaintiff's Constitutional rights.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

2/26/14
(Date)

_(Signature of Plaintiff)_

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 26 day of February, 20 14.

_(Signature of Plaintiff)_

Revised 03/07

7

# GULF CORRECTIONAL INSTITUTION MAIN UNIT LAW LIBRARY

## INSTRUCTIONS TO U.S. MARSHALL

I would like service of process to be delivered to the Defendant and her only, pursuant to Fed. R. Civ. P. 4, effectuated by one of the following methods: "(1) By serving the Defendant pursuant to the laws of the state in which district the court is located or in which service is effected; (2) By delivering a copy of Summons and Complaint to the individual personally." As Section Three and four is not applicatable when Servicing the Defendant here, in which procedure number 102.002 F.A.C. for the Department of Corrections prohitbits an employee from accepting service on behalf of another employee. Plaintiff would like service delivered by abovementioned methods.

Plaintiff further instructs that if service cannot be served upon Defendant, Jessica Slovenski, Secretary Specialist, upon U.S. Marshall's arrival at D.O.C.'s Headquarter, That U.S. Marshall request to speak with Deputy General Counsel for The Fla. Depart. Corrections for further notice to contact Defendant within Agency so that Defendant could be properly served. I have been so informed or to "believe" that "Alexandria Walters" is the correct person who is appointed "Deputy General Counsel."

If Service of process is not effectuated by the first or second attempt, Plaintiff Requests that U.S. Marshall leave his or her contact information with someone of suitable official compacity who is authorized to provide Defendant, Jessica Slovenski, Secretary Specialist, with his or he contact number within agency U.S. Marshall is employed so that Defendant could be properly served Summons and Plaintiff's Complaint.

2/26/14
Date



/S/ Derreck K Elught
#M64251

PROVIDED TO CENTURY CI ON FEB 26 2014 FOR MAILING D.L.W.

GULF CORRECTIONAL INSTITUTION MAIN UNIT LAW LIBRARY

**GULF CORRECTIONAL INSTITUTION MAIN UNIT LAW LIBRARY**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK WRIGHT,
   Plaintiff,

Case No: 4:13-CV-415-MW/GRJ

v.

JESSICA SLOVENSKI, SECRETARY SPECIALIST.
   Defendant.

## SUMMONS

To: Jessica Slovenski, Secretary Specialist.,

YOU ARE HEREBY summoned and required to serve upon Plaintiff, DERRICK WRIGHT, whose address is: 400 TEDDER ROAD, CENTURY, FLORIDA 32535, an answer to Complaint which is served upon you within 30 days after service of this summons, exclusive of the day of the service. If you fail to do so, Judgement by default will be taken against you for the relief demanded in the Complaint.

2/26/14
DATE

Clerk of The Court

/S/ Derrick Wright
#M64251

PROVIDED TO CENTURY CI ON FEB 26 2014 FOR MAILING D.L.W.

**GULF CORRECTIONAL INSTITUTION MAIN UNIT LAW LIBRARY**

GULF CORRECTIONAL INSTITUTION MAIN UNIT LAW LIBRARY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK WRIGHT,
    Plaintiff,

Case No: 4:13-CV-415-MW/GRJ

v.

JESSICA SLOVENSKI, SECRETARY SPECIALIST.
    Defendant.

## SUMMONS

To: Jessica Slovenski, Secretary Specialist.,

YOU ARE HEREBY summoned and required to serve upon Plaintiff, DERRICK WRIGHT, whose address is: 400 TEDDER ROAD, CENTURY, FLORIDA 32535, an answer to Complaint which is served upon you within 30 days after service of this Summons, exclusive of the day of the Service. If you fail to do so, Judgement by default will be taken against you for the relief demanded in the Complaint.

2/26/14
DATE

PROVIDED TO
CENTURY CI ON
FEB 2 6 2014
FOR MAILING D.L.W.

_____
Clerk of The Court

/S/ Derrick Wright
#M64251

GULF CORRECTIONAL INSTITUTION MAIN UNIT LAW LIBRARY