IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK WRIGHT,

    Plaintiff,

v.                                                  CASE NO. 4:13-cv-415-MW-GRJ

OLUGENGA OGUNSANWO, et al..,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants Ogunsanwo' and Slovenski's Motion to Dismiss Fourth Amended Complaint. Doc. 109. Plaintiff has failed to file a response, and the time to do so has now passed. After careful consideration, the undersigned recommends that the motion be granted, and Defendants Ogunsanwo and Slovesnki be dismissed from this case.

### I. PLAINTIFF'S ALLEGATIONS

By way of background, Defendant Ogunsanwo was initially the only named Defendant in this action. Although there were no allegations that he was directly involved in the denial of Plaintiff's surgery, he remained in the case so that Plaintiff could obtain discovery from him in order to determine the response parties. Docs. 15, 20. Defendant Slovenski was added in the Third Amended Complaint, and Defendants Dr. Nields and Dr. Solorzano were added in the Fourth Amended Complaint. Docs. 74, 100.

In the Fourth Amended Complaint, Plaintiff alleges that when he entered

Department of Corrections custody, he informed medical staff at South Florida Reception Center of the lipoma in his right cheek. On August 23, 2010, while housed at Okeechobee CI, Plaintiff was advised that he had been denied a referral for an operation by "approving authorities." The same day, another referral for Plaintiff to see a specialist was submitted.

On November 18, 2010, Plaintiff was taken back to South Florida Reception Center to be seen by a specialist, and Dr. Orlando Llorente submitted a referral for CAT scan. On January 18, 2010, Plaintiff was taken to Kendall[1] Regional Hospital, where the CAT scan was performed. Plaintiff was informed that the lipoma was likely to grow over time, and Plaintiff required surgery, which would enable him to properly chew his food.

On February 28, 2011, Plaintiff met with the specialist who would perform the excision, and was advised that an "order of excision" would be submitted. However, on April 12, 2011, Plaintiff was returned to Okeechobee CI. On April 20, 2011, Plaintiff consulted with the Chief Doctor, who informed Plaintiff that "Defendants" denied the recommendation for excision.

Plaintiff submitted a referral for reconsideration, and was transferred back to South Florida Reception Center to see a specialist. The specialist resubmitted the recommendation for excision. On December 21, 2011, Plaintiff was again informed he had been denied for surgery. On January 4, 2010, Plaintiff consulted with a doctor at South Florida Reception Center and was told "Defendant" denied the recommendation.

---

[1] Plaintiff spells this word as "Kindal," in his complaint, however the Court presumes that he means "Kendall Regional Hospital."

This doctor speculated "maybe because its cosmetic." Plaintiff returned to Okeechobee CI on February 14, 2012.

On March 30, 2010, Plaintiff was informed that Defendant Slovenski was inquiring to Dr. Llorente about an update on Plaintiff's condition, because Utilization Management wanted to know whether the procedure was cosmetic or medically necessary. A response was provided that the procedure was medically necessary.

Plaintiff alleges that Defendants Dr. Solorzano and Dr. Nields, who are employed by Utilization Management (which authorizes surgical procedures) acted with deliberate indifference "in denying or refusing to make surgical payments" for Plaintiff's prescribed treatment. He alleges the denial caused an undue delay, but does not state whether he has actually received the needed surgery.

For relief, Plaintiff seeks compensatory, punitive, and nominal damages.

## II.  STANDARD OF REVIEW

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief.  In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth."  *Iqbal*, 556 U.S. at 681. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings."  *Hopkins v. Saint Lucie County School Bd.,* 399 Fed. App'x. 563, 565 (11th Cir. 2010)(citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).

### III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the conduct complained of was committed by a person acting under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

In order to allege a claim, the plaintiff must show that the official "personally participate[d]" in the act or there was "causal connection between the actions of [the]

supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). The Fourth Complaint is devoid of such allegations with respect to Defendants Ogunsanwo and Slovenski, and therefore the claims against them are due to be dismissed.

As to Defendant Ogunsanwo, who Plaintiff lists as a Defendant, Plaintiff does not mention him by name in his statement of facts and does not allege any conduct by Defendant Ogunsanwo which supports a constitutional claim. Defendant Ogunsanwo, originally the only named Defendant in this action, remained in this case even though there were no allegations against him so that Plaintiff could obtain discovery from him. Docs. 15, 20. Discovery has been ongoing since September 26, 2013, and so Plaintiff has had sufficient time to obtain the necessary discovery. Indeed, Plaintiff has been able to obtain sufficient discovery to add first Defendant Slovenski to this action, and now also to add Defendants Dr. Nields and Dr. Solorzano.

Because Plaintiff does not allege that Defendant Ogunsanwo did anything to personally deprive him of his constitutional rights, and does not so much as include any allegations against him, the claims against him must be dismissed.

With regard to Defendant Slovenski, the only time Plaintiff mentions her by name is to state that he was "informed Defendant Slovenski was inquiring to physician Llorente concerning an update on Plaintiff's condition, i.e., 'Utilization Management wanting to know if procedure was cosmetic or medically necessary.'" Doc. 100 at 8. This is not sufficient to support a constitutional claim. The statement that Defendant Slovenski was inquiring about Plaintiff's condition does not indicate that Defendant

Slovenski personally participated in depriving Plaintiff of his constitutional rights. Therefore, the claims against Defendant Slovenski should be dismissed.

Accordingly, because there are no allegations in the Fourth Amended Complaint concerning Defendant Ogunsanwo and Defendant Slovesnski, the claims against them should be dismissed.

## V.  CONCLUSION

For the foregoing reasons it is respectfully **RECOMMENDED** that Defendants Ogunsanwo's and Slovenski's Motion to Dismiss Fourth Amended Complaint, Doc. 109, should be **GRANTED**, and Defendants Ogunsanwo and Slovenski should be **DISMISSED** from this action.

**IN CHAMBERS,** at Gainesville, Florida, this 25th day of March, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**